Scott E. Gizer, Esq., Nevada Bar No. 12216
  sgizer@earlysullivan.com
Sophia S. Lau, Esq., Nevada Bar No. 13365
  slau@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  ksinclair@sinclairbraun.com
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY
NATIONAL TITLE INSURANCE COMPANY

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendants. | Case No.: 2:21-cv-01454-JCM-NJK<br><br>**MOTION TO STAY CASE** |

Defendants Fidelity National Title Group, Inc. and Fidelity National Title Insurance Company (collectively, "Defendants"), by and through their undersigned counsel from Sinclair Braun LLP and Early Sullivan Wright Gizer & McRae LLP, hereby move to stay the instant action pending the final disposition of *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC), where the Ninth Circuit has scheduled oral argument to occur on October 20, 2021. Defendants bring the

instant motion on the grounds that the appeal in that case involves the judicial interpretation of similar contractual provisions as those at issue in the instant case under nearly identical circumstances. As such, the anticipated decision of the Ninth Circuit Court of Appeals could potentially be case-dispositive of the instant dispute (and thus could radically affect the need for otherwise-costly discovery in this case, as well as avoid the unnecessary expenditure of judicial resources on pending and possible future motions).

Dated: August 16, 2021

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By: */s/-Scott E. Gizer*
SCOTT E. GIZER
Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

Dated: August 16, 2021

SINCLAIR BRAUN LLP

By: */s/-Kevin S. Sinclair*
KEVIN S. SINCLAIR
Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

As the District Court is well aware from its own docket, this is one of dozens of nearly-identical cases pending in the District of Nevada between national lenders (for example, Wells Fargo, U.S. Bank, Deutsche Bank, and HSBC), on the one hand, and their title insurers (for example, North American Title, Fidelity, Chicago Title, Commonwealth Land Title, and Old Republic National Title), on the other hand. While there are some discrete factual nuances to each of these cases,[1] the basic fact pattern in each case is ostensibly the same: the bank or its predecessor made a home mortgage loan secured by a deed of trust. The title insurer underwrote a policy of title insurance in favor of the original lender at the time that the deed of trust was recorded. Years later, the borrower(s) fell behind on his, her, or their HOA assessments. The HOA foreclosed on its assessment lien. The bank tendered a title insurance claim, which was denied. The bank then sued for breach of the insurance policy and insurance bad faith. The instant case brought by plaintiff U.S. Bank National Association ("U.S. Bank") against defendants Fidelity National Title Group, Inc. and Fidelity National Title Insurance Company (collectively, "Defendants") follows the same basic fact pattern. (*See* ECF No. 1-1, ¶¶ 44-45, 53-57, 65-76.)

As the District Court is also well aware from the dozens of stipulations it has entered staying many of these cases,[2] the Ninth Circuit is currently entertaining an appeal that may resolve the central insurance coverage question presented by this case, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (the "*Wells Fargo II* Appeal").

---

[1]    For example, in some cases the lender sued the winning bidder at the HOA foreclosure sale. In other cases, the winning bidder sued the lender. In some cases, the lender tendered the super-priority lien amount or attempted to tender the super-priority lien amount. In other cases, it did not. In some cases, the lender prevailed in the underlying litigation against the winning bidder. Other cases settled. And, in other cases, the third-party buyer defeated the lender.

[2]    Indeed, this Court has granted contested motions to stay in several of these HOA lien disputes, oftentimes staying the case before briefing on the motions to stay had concluded, including *The Bank of New York Mellon Trust Company v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-cv-1394-JCM-BNW, ECF No. 63 in that action; *Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-cv-02268-JCM-VCF, ECF No. 47 in that action (stay granted prior to an opposition being filed); *U.S. Bank National Association v. Fidelity National Title Group, Inc., et al.*, Case No. 2:21-cv-00537-JCM-BNW, ECF No. 19 in that action (stay granted prior to a reply being filed).

1  That case involves the interpretation of the 1992 form of the American Land Title Association
2  ("ALTA") loan policy of title insurance, as well as the ALTA 9/CLTA 100 and the ALTA
3  5/CLTA 115.2 endorsement. This case involves that exact same form insurance policy with those
4  same endorsements. Defendants respectfully submit that the forthcoming Ninth Circuit decision
5  could potentially impact the disposition of this case, including greatly impacting the forthcoming
6  motions to dismiss which Defendants intend to file, to say nothing of the effect such a decision
7  may have on the scope of necessary (or potentially unnecessary) discovery in this case. For
8  example, if the Ninth Circuit finds that the Policy does not afford coverage for claims like those
9  asserted by Wells Fargo in the *Wells Fargo II* Appeal and like those asserted by U.S. Bank in this
10 case, then there would be no need for ***any*** costly depositions, expert reports, or other discovery in
11 this case, and the instant action may be disposed of by way of a simple motion to dismiss.
12 Obviously, if the Ninth Circuit provides guidance on the meaning of the relevant statutory and
13 contractual provisions, then that guidance will likely control across all of these cases. Stated
14 differently, if the Ninth Circuit interprets the relevant statutes and contract provisions, it seems
15 unlikely that the "losing" side (i.e., lender or insurer) would have a compelling argument that the
16 statute or form contract "means something different" in this case. It simply makes more sense to
17 "wait and see" what the Ninth Circuit says in the *Wells Fargo II* Appeal before undertaking the
18 expense of this briefing, for which Ninth Circuit determination may be case dispositive.

19 **II.     THE COURT HAS INHERENT POWER TO STAY THIS CASE**

20       The power to stay proceedings is incidental to the inherent power in every court to control
21 the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and
22 litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The exertion of this power calls for
23 the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A
24 district court has discretion to stay proceedings pending an appeal of another action pursuant to its
25 own inherent authority to manage its docket. *See Mediterranean Enterprises, Inc. v. Ssangyong
26 Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient
27 for its own docket and the fairest course for the parties to enter a stay of an action before it,
28 pending resolution of independent proceedings which bear upon the case."). Further, a district

1  court "has broad discretion to decide whether a stay is appropriate to 'promote economy of time
2  and effort for itself, for counsel, and for litigants.'" *Asis Internet Services v. Active Response Grp.*,
3  2008 WL 4279695, at *3-4 (N.D. Cal. 2008) (citations omitted).

4      In determining whether to stay a case, courts must weigh "competing interests which will
5  be affected by the granting or refusal to grant a stay[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098,
6  1110 (9th Cir. 2005) (*citing CMAX*, 300 F.2d at 268). These competing interests include: "... the
7  possible damage which may result from the granting of a stay, the hardship or inequity which a
8  party may suffer in being required to go forward, and the orderly course of justice measured in
9  terms of the simplifying or complicating of issues, proof, and questions of law which could be
10 expected to result from a stay." *Id.* (*citing CMAX*, 300 F.2d at 268).

11     As set forth in the above section I, given the nature of these disputes (i.e., they all largely
12 hinge on the interpretation of form insurance policies), it appears inevitable that the Ninth Circuit
13 will speak on issues in *Wells Fargo II* that will bear upon the disposition of this case. If this case
14 is not stayed, then the parties will likely expend considerable resources and time completing
15 dispositive motions, undertaking fact and expert discovery, and then briefing additional
16 dispositive motions that will likely be impacted by whatever the Ninth Circuit says in *Wells
17 Fargo II.* It makes basic economic sense to "wait and see" what the Ninth Circuit does in *Wells
18 Fargo II* before the Defendants and U.S. Bank incur these substantial fees completing motions or
19 discovery, as it is obvious that the "winning side" in the appeal is then going to argue that the
20 appellate decision controls the disposition of this case, the "losing side" in the appeal will argue
21 the opposite, and either the District Court or the Court of Appeals will necessarily have to decide
22 that issue (depending upon how far this case advances before the appellate decision in *Wells
23 Fargo II* is issued).

24     Turning to the *Lockyer* factors, the first factor (i.e., possible damage that may result from
25 the granting of stay) weighs in favor of staying the instant case, as there is no appreciable damage
26 that will inure to either side from a stay. Defendants anticipate that U.S. Bank will argue that it is
27 eager for its day in court, and that it will be "prejudiced" if there is any kind of delay in this
28 proceeding. This is the "usual refrain" of every plaintiff, and there is nothing special in this case

that would set U.S. Bank apart from every other plaintiff that asserts it is impatient to see the inside of the courtroom.[3] In reality, this is a relatively-small dollar dispute between two large financial institutions. Neither party will suffer any kind of "hardship" by deferring to the efficiency of waiting for the *Wells Fargo II* Appeal to be decided.

For the same reason, the second *Lockyer* factor (i.e., the hardship or inequity which a party may suffer in being required to go forward) also weighs in favor of a stay. In every single one of these cases, the lender seeks to recover its attorneys' fees. Unnecessarily running up fees on motion practice and discovery will only exacerbate the dispute in each case, to say nothing of the burden imposed upon the dozens of third parties that have been and will be subpoenaed in all of these cases (many of which may be required to appear for deposition). Because it is obvious that one party or the other will try to argue that the *Wells Fargo II* appellate decision will ultimately control the disposition of this case, there is no good reason to incur fees and costs on discovery and motion practice that will necessarily need to be supplemented after the Ninth Circuit speaks.

Finally, the last *Lockyer* factor (i.e., the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay) weighs in favor of staying this case. For better or worse, one side (lender or title insurer) will likely find itself arguing that the *Wells Fargo II* appellate decision should control this massive body of cases, such that judicial economy (i.e., for the sake of preserving limited judicial resources) also weighs in favor of a stay.

### III.   THE MAJORITY OF THESE CASES HAVE ALREADY BEEN ORDERED STAYED

There are approximately 100 of these cases between title insurers and lenders currently pending in the District of Nevada. The overwhelming majority have been stayed, almost entirely by stipulation of the parties (while a handful of the loan servicers that direct the prosecution of these cases on behalf of the banks are simply "stragglers" against the trend). These stayed cases

---

[3]   Fidelity National Title Insurance Company withdrew coverage for U.S. Bank's claim on July 26, 2017. (ECF No. 1-1, ¶ 74.) The instant lawsuit was not filed until July 26, 2021.

include:

- *Wilmington Trust v. Commonwealth Land Title Insurance Co.*, Case No. 2:18-cv-02023-GMN-BNW (Ordered Stayed on December 12, 2019);

- *Deutsche Bank v. Fidelity National Title Group, et al..*, Case No. 2:19-cv-00220-RFB-DJA (Ordered Stayed on November 26, 2019);

- *HSBC Bank USA v. Fidelity National Insurance Co., et al.*, Case No. 2:19-cv-00228-APG-NJK (Ordered Stayed on January 17, 2020);

- *Wells Fargo Bank v. Fidelity National Title Insurance Co., et al..*, Case No. 3:19-cv-00237-LRH-WGC (Ordered Stayed on November 27, 2019);

- *U.S. Bank v. North American Title Insurance Co.*, Case No. 2:19-cv-00289-APG-NJK (Ordered Stayed on February 20, 2020);

- *HSBC Bank v. Fidelity National Title Insurance Co.*, Case No. 2:19-cv-00333-RFB-BNW (Ordered Stayed on November 26, 2019);

- *Christiana Trust v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00385-JAD-VCF (Ordered Stayed on December 10, 2019);

- *Deutsche Bank v. Fidelity National Title Insurance Co., et al..*, Case No. 2:19-cv-00409-GMN-VCF (Ordered Stayed on December 13, 2019);

- *U.S. Bank v. North American Title Insurance Co.*, Case No. 2:19-cv-00424-JAD-EJY (Ordered Stayed on February 25, 2020);

- *U.S. Bank, N.A. v. North American Title Insurance Co.*, Case No. 2:19-cv-00433-JAD-BNW (Ordered Stayed on March 3, 2020)

- *Deutsche Bank v. North American Title Insurance Co.*, Case No. 2:19-cv-00434-APG-VCF (Ordered Stayed on January 24, 2020);

- *Wilmington Trust v. Fidelity National Title Insurance Co., et al,*, Case No. 2:19-cv-00449-APG-GWF (Ordered Stayed on November 27, 2019);

- *U.S. Bank v. Fidelity National Title Insurance Co., et al..*, Case No. 2:19-cv-00498-APG-EJY (Ordered Stayed on November 27, 2019);

- *Deutsche Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00576-JCM-DJA (Ordered Stayed on December 5, 2019);

- *U.S. Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00584-JCM-NJK (Ordered Stayed on November 26, 2019);

- *Deutsche Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00621-RFB-NJK (Ordered Stayed on November 26, 2019);

- *Deutsche Bank v. Chicago Title Insurance Co., et al.*, Case No. 3:19-cv-00649-RCJ-CLB (Ordered Stayed on December 23, 2019);

- *Deutsche Bank v. Commonwealth Land Title Insurance Co.*, Case No. 2:19-cv-00761-GMN-DJA (Ordered Stayed on December 6, 2019);



- *Wells Fargo Bank v. Commonwealth Land Title Insurance Co.*, Case No. 2:19-cv-00803-GMN-EJY (Ordered Stayed on November 27, 2019);

- *U.S. Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00808-RFB-EJY (Ordered Stayed on November 26, 2019);

- *U.S. Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-00809-GMN-BNW (Ordered Stayed on December 13, 2019);

- *Deutsche Bank v. Fidelity National Title Group, et al.*, Case No. 2:19-cv-00924-GMN-NJK (Ordered Stayed on December 4, 2019);

- *Wilmington Savings Fund Society v. Fidelity National Title Insurance Co.*, Case No. 2:19-cv-00959-JCM-VCF (Ordered Stayed on November 26, 2019);

- *U.S. Bank v. Fidelity National Title Insurance Co.*, Case No. 2:19-cv-00970-KJD-BNW (Ordered Stayed on November 27, 2019);

- *Wells Fargo Bank v. North American Title Insurance Co.*, Case No. 2:19-cv-01111-RFB-VCF (Ordered Stayed on February 8, 2020);

- *U.S. Bank Trust v. Old Republic National Insurance Co.*, Case No. 2:19-cv-01136-APG-BNW (Ordered Stayed on December 18, 2019);

- *U.S. Bank v. North American Title Insurance Co.*, Case No. 2:19-cv-01154-RFB-EJY (Ordered Stayed on February 10, 2020);

- *Deutsche Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-01487-JCM-EJY (Ordered Stayed on November 26, 2019);

- *Bank of New York Mellon v. Fidelity National Title Group, et al.*, Case No. 2:19-cv-01566-APG-BNW (Ordered Stayed on December 18, 2019);

- *Bank of New York Mellon v. Commonwealth Land Title Insurance Co.*, Case No. 2:19-cv-01601-GMN-DJA (Ordered Stayed on December 6, 2019);

- *U.S. Bank v. Chicago Title Insurance Co.*, Case No. 2:19-cv-01728-GMN-VCF (Ordered Stayed on January 3, 2020);

- *Christiana Trust v. North American Title Insurance Co.*, Case No. 2:19-cv-01782-APG-BNW (Ordered Stayed on January 31, 2020);

- *Christiana Trust v. North American Title Insurance Co.*, Case No. 2:19-cv-01868-APG-VCF (Ordered Stayed on February 5, 2020);

- *Wells Fargo Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:19-cv-01874-RFB-BNW (Ordered Stayed on February 10, 2020);

- *Wilmington Savings Fund Society v. North American Title Insurance Co.*, Case No. 2:19-cv-02209-APG-EJY (Ordered Stayed on February 18, 2020);

- *The Bank of New York Mellon v. Old Republic National Title Insurance Company*, Case No. 2:20-cv-00024-JAD-BNW (Ordered Stayed on March 3, 2020); and

- *Christiana Trust v. Fidelity National Title Insurance Co., et al.*, Case No. 2:20-cv-00115-KJD-DJA (Ordered Stayed on February 10, 2020);



- *U.S. Bank v. Fidelity National Title Insurance Co., et al.*, Case No. 2:20-cv-00380-GMN-EJY (Ordered stayed on March 16, 2020);

- *HSBC Bank v. Fidelity National Title Insurance Co., et al.* Case No. 2:20-cv-00419-KJD-VCF (Ordered Stayed on April 13, 2020);

- *Bank of New York Mellon v. Chicago Title Insurance Company*, *et al.*, Case No. 2:20-cv-00500-JCM-VCF (Ordered Stayed on April 15, 2020).

- *Bank of America, N.A., v. Fidelity National Title Group, Inc., et al.*, Case No. 3:20-CV-00046-MMD-WGC (Ordered Stayed on December 23, 2020);

- *Bank of New York Mellon v. Fidelity National Title Group, Inc., et al.*, Case No. 2:21-CV-00127-GMN-EJY (Ordered Stayed on December 4, 2020);

- *Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-01886-GMN-BNW (Ordered Stayed on March 29, 2021).

- *MetLife Home Loans LLC v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-01798-GMN-VCF (Ordered Stayed on March 30, 2021).

- *Wells Fargo Bank, N.A. v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-01887-RFB-EJY (Ordered Stayed on March 30, 2021).

- *U.S. Bank National Association v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-01955-KJD-VCF (Ordered Stayed on March 30, 2021).

- *Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-01920-KJD-BNW (Ordered Stayed on March 30, 2021).

- *Wells Fargo Bank, N.A. v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-02254-APG-BNW (Ordered Stayed on March 31, 2021).

- *Wells Fargo Bank, N.A. v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-02156-APG-NJK (Ordered Stayed on March 25, 2021).

- *JPMorgan Chase Bank N.A. v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-02188-APG-BNW (Ordered Stayed on March 3, 2021).

- *Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., et al.*, Case No. 2:20-CV-02355-GMN-NJK (Ordered Stayed on March 25, 2021).

- *Bank of America, N.A. v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00353-KJD-NJK (Ordered Stayed on April 23, 2021).

- *Bank of America, N.A. v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00348-GMN-BNW (Ordered Stayed on April 28, 2021).

- *Bank of New York Mellon v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00350-GMN-BNW (Ordered Stayed on April 14, 2021).

- *CitiMortgage, Inc. v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00352-GMN-EJY (Ordered Stayed on April 12, 2021).

- *Bank of America, N.A. v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00349-JCM-DJA (Ordered Stayed on April 26, 2021).



- *Bank of New York Mellon v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00351-APG-DJA (Ordered Stayed on April 12, 2021).
- *U.S. Bank National Association v. Fidelity National Title Group, Inc., et al.*, Case No. 2:21-CV-00388-JAD-EJY (Ordered Stayed on April 16, 2021).
- *Bank of New York Mellon v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00397-APG-DJA (Ordered Stayed on April 22, 2021).
- *Bank of America, N.A. v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00399-JAD-NJK (Ordered Stayed on April 22, 2021).
- *Wilmington Trust, National Association v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00406-JAD-VCF (Ordered Stayed on April 22, 2021).
- *U.S. Bank, National Association v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-cv-00453-JAD-NJK (Ordered Stayed on April 20, 2021).
- *Bank of New York Mellon v. Fidelity National Title Group, Inc., et al.,* Case No. 2:21-CV-00452-RFB-VCF (Ordered Stayed on April 22, 2021).

It is clear that, time and again, the various judges of this District Court (including the instant Court) have determined that it simply makes more sense to stay cases of this ilk in order to see how the Ninth Circuit rules in *Wells Fargo II*. This not only redounds to the benefit of the Parties (by sparing them the expenses associated with completing discovery while a potentially case-dispositive appeal works its way through the Ninth Circuit), but it spares the Judges of this Judicial District from unnecessarily expending limited judicial resources on these cases that might be controlled by forthcoming appellate precedent. As the instant case is subject to the same considerations as the stayed cases noted above, the same logic should apply here and the instant case stayed pending the Ninth Circuit's ruling in the *Wells Fargo II* Appeal.

//
//
//
//
//
//
//
//



**MOTION TO STAY CASE**

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully move this Court to stay this case in its entirety pending the resolution of the *Wells Fargo II* Appeal.

Dated: August 16, 2021

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By: */s/-Scott E. Gizer*
SCOTT E. GIZER
Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

Dated: August 16, 2021

SINCLAIR BRAUN LLP

By: */s/-Kevin S. Sinclair*
KEVIN S. SINCLAIR
Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY