UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:21-CV-1454 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Fidelity National Title Insurance Company's motion to dismiss plaintiff U.S. Bank National Association's complaint. (ECF No. 32). Plaintiff filed a response (ECF No. 38), to which defendant replied (ECF No. 39).

**I.   Background**

The instant dispute concerns the applicability of a title insurance policy to claims brought following foreclosure proceedings on the property commonly known as 4575 Dean Martin Drive, Unit 1500, Las Vegas, NV 89103 ("the property"). (ECF No. 16). In 2007, plaintiff's alleged predecessor-in-interest (nonparty RMS & Associates) issued a loan for the property's purchase price to the previous homeowner secured by a deed of trust. (*Id.*) RMS simultaneously secured a title insurance policy ("the policy") from Lawyers Title Insurance Company, an entity which the parties agree has merged into defendant. (*Id.*)

The property is part of a condominium complex governed by a homeowners' association. (*Id.*) Sometime in 2011, the original homeowner became delinquent on her HOA assessments.

**James C. Mahan**
**U.S. District Judge**

1  (*Id.*)  In April 2012, the HOA recorded a notice of foreclosure sale, and the property was sold at a non-judicial foreclosure sale on September 13, 2012, to nonparty SFR Investments. (*Id.*)

Prior to the foreclosure sale, a series of assignments left nonparty Christiana Trust as the beneficial owner of the deed of trust. (*Id.*)  On October 9, 2015, pursuant to the policy and the assignment, Christiana Trust tendered a claim to defendant's predecessor-in-interest providing notice that SFR Investments was claiming an interest superior to the deed of trust after the foreclosure sale. (*Id.*)  This claim requested indemnification against losses and for defendant to fulfill its obligations to defend the deed of trust in court. (*Id.*)  Defendant denied the claim as premature, citing the lack of any active litigation. (*Id.*)

Christiana Trust then filed a suit for quiet title in the Eighth Judicial Court in 2016 ("the underlying action") and resubmitted the claim under the policy, which defendant then accepted. (*Id.*)  In 2017, defendant decided to withdraw its defense in the underlying action, alleging it was not given proper notice of the claim. (*Id.*)  The underlying action resulted in a judgment against Christiana Trust. (*Id.*)

During the pendency of the underlying action, Christiana Trust assigned the deed of trust to plaintiff. (*Id.*)  Plaintiff brings a series of claims related to the underlying action, namely (1) declaratory judgment that it is entitled to coverage under the policy; (2) breach of contract stemming from defendant's failure to defend plaintiff's alleged predecessor-in-interest; (3) bad faith arising from the same; (4) violation of the Nevada Deceptive Trade Practices Act ("NDTPA"); and (5) violation of Nevada Revised Statute 686A.310. (*Id.*)  Defendant now moves to dismiss all five claims against it. (ECF No. 32).

**II.  Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

**James C. Mahan**
**U.S. District Judge**

- 2 -

the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957

**James C. Mahan**
**U.S. District Judge**

- 3 -

F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III. Discussion

Defendant moves to dismiss all claims against it on the ground that plaintiff is not the real party in interest with standing to bring those claims. (ECF No. 32). Plaintiff asserts that as the assignee of the deed of trust, it has standing to bring claims that belonged to its predecessor-in-interest. (ECF No. 38). This court agrees with plaintiff and will deny defendant's motion to dismiss.

    a. <u>Claims under the policy</u>

Defendant takes issue with the fact that, at the time of the underlying litigation, Christiana Trust was the beneficiary of the deed of trust and the entity that submitted the claim. Therefore—as the argument goes—since plaintiff was not specifically named on that claim, it has no standing to now enforce the policy governing the claim. *See, e.g.*, (ECF No. 32 at 2). Relying on *Cusano v. Klein*, defendant avers that because an asset itself and the causes of action arising from ownership of that asset are treated separately and must be individually scheduled in a bankruptcy proceeding, an assignment of interest in real property does not necessarily assign the right to claims regarding that real property. 264 F.3d 936, 947 (9th Cir. 2001); (ECF No. 32 at 6). That case is inapposite to the instant issue.

*Cusano* addressed how bankruptcy debtors must schedule their assets for those assets to revert from the bankruptcy estate to the debtor at the close of the case. 264 F.3d at 945–47. It says nothing about the assignability of a cause of action, nor is the court inclined to extend it to this matter given the statutorily unique nature of both the bankruptcy code and copyright law

**James C. Mahan**
**U.S. District Judge**

- 4 -

(which governed the asset underlying the analysis defendant quotes).  *See id.* at 947; (ECF No. 39 at 2–3).

The policy names the insured as "RMS & Associates, its successors and/or assigns as their respective interests appear."  (ECF No. 16-1 at 8).  Plaintiff alleges an unbroken chain of assignments to itself.  (ECF No. 16 at 13).  The plain language of the policy thus confirms that plaintiff is the "insured" under the policy and is eligible to bring these claims.

The assignability of the policy would be meaningless if an assignment did not also carry with it the ability to enforce the policy's provisions as a matter of law.  If plaintiff were prohibited from bringing these claims, there would be no party left to assert them, as the assignment to plaintiff means there is no longer another "insured" under the policy.

It is undisputed that Christiana Trust filed the claim under the policy.  (ECF No. 16-14). Further, at this procedural stage, the court must accept as true that plaintiff is the rightful assignee—which the policy calls the "successor."  *See Iqbal*, 556 U.S. at 678–79.  By including successors in the definition of "insured," the policy specifically contemplates that a successor, necessarily, gains the rights of the insured after the assignment.  *See* (ECF No. 16-1 at 4, 8).

Plaintiff alleges that it has complied with all material conditions of the contract.  (ECF No. 16).  While this allegation is pled generally, that is all the federal rules require.  *See* Fed. R. Civ. P. 9(c).

Further, there is nothing in the policy to suggest that defendant's position regarding resubmission of the claim has any merit.  Defendant indicates that several policy conditions, including conditions 3, 5(a), 7, 8, and 1(f) obligate plaintiff to have resubmitted a claim when it became the "insured" under the policy.  *See* (ECF No. 32 at 7).  However, each of these conditions require only that the "insured" have submitted a claim; they do not specify *which* "insured."

As discussed previously, Condition 1(e) and Schedule A combine to define the "insured" here as "RMS & Associates, its successors and/or assigns as their respective interests appear." (ECF No. 16-1 at 4, 8).  The policy does not contemplate each "insured" as a separate entity; it

contemplates them as one. Therefore, plaintiff has standing to pursue its claims under the policy. Defendant's motion to dismiss plaintiff's claims under the policy is denied.

      b. The Deceptive Trade Practices Act Claim

Defendant also moves to dismiss plaintiff's NDTPA claim, arguing that it is not an assignable claim under Nevada law. (ECF No. 32 at 8). This court disagrees.

"Nevada is one of several jurisdictions that prohibits the assignability of certain causes of action, regardless of how the assignment is accomplished." *Reynolds v. Tufenkjian*, 461 P.3d 147, 150 (Nev. 2020). Under Nevada law, generally, tort claims sounding in fraud are not assignable. *See Gruber v. Baker*, 23 P. 858, 862–63 (Nev. 1890). However, courts have distinguished the statutory fraud contemplated by the NDTPA as separate from the common law tort of fraud. *See Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 435–36 (Nev. 2010).

Courts generally construe the NDTPA liberally and refuse to "read in" requirements to sue. *See R.J. Reynolds Co. v. Eighth Judicial District Court*, 514 P.3d 425, 431 (Nev. 2022). In that tradition, this court will not dismiss plaintiff's claim as a matter of law. The NDTPA is designed to serve a remedial purpose. *See Poole v. Nevada Auto Dealership Investments, LLC*, 449 P.3d 479, 483–85 (Nev. 2019).

While it may be that a common law fraud claim is unassignable, a statutory fraud claim within a larger scheme designed to broadly protect consumers is a wholly different matter. Nevada courts have focused on the fraudulent character of defendant's actions over the identity of the plaintiff seeking redress. *See id.* (concluding that a claim under the NDTPA will lie where a defendant is aware of facts that constitute the fraudulent act or omission rather than requiring that defendant specifically defraud the victim); *R.J. Reynolds Co.*, 514 P.3d at 432 (allowing a NDTPA claim where plaintiff had not even used the manufacturer's product).

It may be that plaintiff's NDTPA claim is ultimately unsuccessful. However, this court finds it consistent with the NDTPA's statutory scheme to allow the claim to proceed. Defendant's motion is also denied as to plaintiff's NDTPA claim.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 32) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the stay of the action is hereby LIFTED, and, pursuant to stipulation of the parties (ECF No. 50), the parties shall jointly submit a proposed discovery plan and briefing schedule for the still-pending motion to dismiss within thirty (30) days of this order.

DATED November 21, 2022.

_____
UNITED STATES DISTRICT JUDGE